United States District Court
Southern District of Texas
**ENTERED**
September 25, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER M. PELLETIER, SR, (TDCJ # 02359213) Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-00084 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| PAULETTE FULLER, *et al*, Defendants. | § | |

**OPINION AND ORDER ON DISMISSAL**

The motion to dismiss by Defendants Paulette Fuller, Warden Rokeisha Briscoe, and Ms. Bell is granted. Dkt 21.

The civil-rights action by Plaintiff Christopher M. Pelletier, Sr, is dismissed with prejudice. Dkt 18.

1. Background

Plaintiff is an inmate of the Texas Department of Criminal Justice–Correctional Institutions Division. He proceeds here *pro se* and *in forma pauperis*.

Plaintiff filed a complaint under 42 USC §1983 in January 2025, alleging claims against multiple TDCJ officials arising from multiple incidents on multiple dates occurring at multiple TDCJ units. Dkt 1. That complaint was stricken, but Plaintiff was granted leave to file an amended complaint. Dkt 17.

He filed his second amended complaint in August 2025, which is the live pleading. Dkt 18. He generally alleges that Warden Briscoe, Fuller, Bell, and Ms. Lane violated his civil rights by denying him access to courts and interfering with the grievance process in retaliation for some unspecified conduct. Id at 4–5.

Plaintiff alleges that, in November 2022, Fuller unlawfully tampered with mail relating to the direct appeal of his state-court criminal conviction. Id at 4. As a result of her interference, the First Court of Appeals didn't receive his briefing, and his appeal was subsequently denied. Id at 4–5. He filed grievances about the mail tampering, and he contends that Bell and Lane interfered with or lost those grievances to protect Fuller. Ibid. He contends that Warden Briscoe was deliberately indifferent to the misconduct of her staff and refused to cooperate with his requests for assistance concerning his lost mail and grievances. Ibid.

In a copy of a Step 2 grievance appeal attached to the second amended complaint, Plaintiff asserted that mail was returned to him on November 7, 2022, but no one has been able to locate that mail since the following day. Id at 7. He also maintained that the tracking numbers recorded in the prison mail log were either fake or invalid. Ibid. He alleged that prison administration had "stalled" the grievance process and frustrated him in resolving the issue of his missing mail. Ibid.

The response to that appeal states that mail addressed to the First Court of Appeals was returned by the United States Postal Service for having only the word "FRANK" in place of postage. Id at 8. The response didn't otherwise address Plaintiff's grievances. Ibid.

As relief for the alleged violations of his civil rights, Plaintiff seeks (i) an order reinstating his direct appeal in the state courts, (ii) an award of compensatory, punitive, and nominal damages, and (iii) the termination of all Defendants from TDCJ employment. Id at 5.

Warden Briscoe, Fuller, and Bell responded with a motion to dismiss. Dkt 21. They contend that the second amended complaint doesn't allege facts sufficient to either establish Warden Briscoe's personal involvement in any constitutional violation or state a claim for retaliation against Fuller. Id at 5–8. They contend that the claim for compensatory damages from all Defendants is barred by 42 USC §1997e(e). Id at 3–4. And they assert that qualified

immunity protects them from liability as to the remainder of the claims. Id at 4–5. Defendant Lane is no longer employed by TDCJ, so she hasn't been served with process, but counsel for Defendants provided her last known address. Dkts 21 & 23.

Plaintiff filed a response to the motion to dismiss, to which he attached several documents. Dkt 24. In a "declaration," he denies having written "FRANK" on the envelope containing his direct appeal briefing, instead contending that he affixed proper postage to it. Id at 2. He asserts that the USPS tracking numbers provided to him by Fuller and Warden Briscoe were either invalid or unconnected to the mail relating to his direct appeal. Id at 2–3.

In a copy of a grievance attached to the response, Plaintiff asserted that he delivered his appellate brief in a sealed envelope to the mailroom on November 1, 2022, with postage attached. Id at 4. On November 7th, Fuller called him to the mail room because the envelope was returned. Ibid. The next day, Plaintiff returned the envelope to the mailroom with a new certified tracking number and new signature card. Ibid. The envelope was never delivered to the First Court of Appeals and hasn't been returned. Ibid. The grievance asserted that Fuller had tampered with the mail in retaliation for other grievances filed against her concerning improper mail handling. Id at 5.

The remaining attachments include a receipt for the postage allegedly affixed to the missing mail and several pages of a "log" in which Plaintiff records his prison activities and events, including the dates mail is sent and how it is mailed. Id at 6–12.

2. Legal standard

Plaintiff's complaint is construed liberally because he proceeds *pro se*. *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007, *per curiam*).

The claims against Defendants proceed under §1983. To state a valid claim under §1983, a plaintiff must

(i) allege a violation of rights secured by the Constitution or laws of the United States, and (ii) demonstrate that the alleged violation was committed by a person acting under color of state law. *West v Atkins,* 487 US 42, 48 (1988); *Gomez v Galman*, 18 F4th 769, 775 (5th Cir 2021, *per curiam*). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§]1983 must show deprivation of a federal right." *Nesmith v Taylor,* 715 F2d 194, 195 (5th Cir 1983, *per curiam*). The second element means that generally only state actors—not private parties—can be liable for violations of civil rights. *Frazier v Board of Trustees of Northwest Mississippi Regional Medical Center*, 765 F2d 1278, 1283 (5th Cir 1985).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Reading these Rules together, the Supreme Court holds that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard is "not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid, quoting *Twombly*, 550 US at 556.

Review of a motion to dismiss under Rule 12(b)(6) is constrained, being generally limited to the contents of the complaint and its attachments. *Collins v Morgan Stanley Dean Witter*, 224 F3d 496, 498 (5th Cir 2000). The reviewing court "must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (5th Cir 2019), quoting *Campbell v Wells Fargo Bank, NA*, 781 F2d 440, 442 (5th Cir 1986) (cleaned up). But courts "do not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Rx Solutions, Incorporated v Caremark, LLC,* 164 F4th 436, 441 (5th Cir 2026), quoting *Hodge v Engleman,* 90 F4th 840, 843 (5th Cir 2024) (cleaned up).

While *pro se* litigants are held to less stringent pleading standards than attorneys, they aren't excused from the requirement to allege sufficient facts to state a plausible claim. See *Taylor v Books A Million, Inc*, 296 F3d 376, 378 (5th Cir 2002); *Toole v Peak*, 361 F Appx 621, 621 (5th Cir 2010, *per curiam*) (self-represented litigants "still must actually argue something that is susceptible of liberal construction").

3. Discussion

a. Claim for compensatory damages

Defendants seek dismissal of Plaintiff's claim for compensatory damages as barred by 42 USC §1997e(e). Dkt 21 at 3–4. That provision states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

This provision applies to "all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger v Jowers*, 404 F3d 371, 375 (5th Cir 2005, *per curiam*). It thus bars claims for compensatory damages based on

allegations of "mental anguish, emotional distress, psychological harm, and insomnia" unless the plaintiff can show that he suffered a physical injury. Id at 374. But this statutory restriction doesn't apply to claims for either nominal or punitive damages. See *Mayfield v Texas Department of Criminal Justice,* 529 F3d 599, 605–06 (5th Cir 2008). It also doesn't apply to claims for declaratory or injunctive relief. *Geiger*, 404 F3d at 375.

Plaintiff doesn't allege a physical injury or facts showing any possible physical injury as a result of the acts of any Defendant. His claims for compensatory damages are thus barred by §1997e(e), no matter what substantive constitutional violations he may have asserted.

The motion by Defendants to dismiss the claim by Plaintiff for compensatory damages is granted and claims for such damages will be dismissed with prejudice. Dkt 21.

b. Claims against Warden Briscoe

Warden Briscoe seeks dismissal of Plaintiff's claims against her, contending that he doesn't allege sufficient facts to establish supervisory liability under §1983. Dkt 21 at 6–8.

Under §1983, supervisory officials aren't responsible for the actions of their subordinates on a theory of either vicarious liability or *respondeat superior*. *Hicks v LeBlanc*, 81 F4th 497, 504 (5th Cir 2023), quoting *Thompkins v Belt*, 828 F2d 298, 303 (5th Cir 1987). Plaintiff thus can't hold Warden Briscoe liable based solely on actions taken or not taken by her subordinates.

But supervisors can be held liable for their own actions. See *Alton v Texas A&M University*, 168 F3d 196, 200 (5th Cir 1999). To state a claim against a supervisor under §1983, the plaintiff must allege facts showing either (i) the supervisor's personal involvement in a constitutional deprivation and a causal connection between the supervisor's wrongful conduct and the deprivation, or (ii) the supervisor's decision to implement an official policy that resulted in a violation of the plaintiff's constitutional rights. See *Thompkins,* 828 F2d at 304; see also *Gates v*

*Texas Department of Protective and Regulatory Services*, 537 F3d 404, 435 (5th Cir 2008).

An *official policy* "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v Thompson*, 563 US 51, 61 (2011). Liability attaches when "supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins,* 828 F2d at 304, quoting *Grandstaff v City of Borger*, 767 F2d 161, 169, 170 (5th Cir 1985) (cleaned up).

This standard requires more than conclusory assertions. As framed by the Fifth Circuit, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Peña v City of Rio Grande City*, 879 F3d 613, 622 (5th Cir 2018), quoting *Spiller v City of Texas City, Police Department,* 130 F3d 162, 167 (5th Cir 1997).

In addition, the plaintiff must allege facts showing that the supervisory official implemented the policy with deliberate indifference to the likelihood of constitutional violations. See *Porter v Epps*, 659 F3d 440, 446 (5th Cir 2011). *Deliberate indifference* is "a stringent standard of fault," one "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id at 446–47, quoting *Connick*, 563 US at 61. The allegations necessary to show a supervisor's deliberate indifference must therefore generally include at least a pattern of similar violations. *Rios v City of Del Rio, Texas,* 444 F3d 417, 427 (5th Cir 2006), quoting *Johnson v Deep East Texas Regional Narcotics Trafficking Task Force*, 379 F3d 293, 309 (5th Cir 2004).

Plaintiff doesn't allege facts showing that Warden Briscoe had any personal involvement in the alleged interference with his mail or his access to courts. Instead, he alleges only that she "refused to cooperate" with his after-the-fact requests for assistance in locating the mail

and his grievances. Such allegations don't show personal involvement in a constitutional violation. See *Mesa v Prejean*, 543 F3d 264, 274 (5th Cir 2008) (holding that *personal involvement* requires a showing of "overt personal participation" in constitutional violation itself); *Gonzalez v Cooper,* 2025 WL 3646600, *2 (ED Tex) (after-the-fact awareness of alleged misdeeds doesn't show personal involvement sufficient to make supervisor liable); *Hankins v Wheeler*, 760 F Supp 3d 467, 482 (ED La 2024) (after-the-fact failure to investigate alleged constitutional violations doesn't establish causation necessary to make supervisor liable for those prior violations). Further, a plaintiff has no constitutional right to have another individual investigated or disciplined, so supervisors can't be held liable for failing to investigate or punish subordinates for their actions. *Gonzalez*, 2025 WL 2646600 at *2.

The second amended complaint alleges only that Warden Briscoe failed to respond to Plaintiff's complaints concerning the lost mail and grievances. But the failure to respond, standing alone, doesn't rise to the level of a constitutional violation, nor does her alleged failure to investigate the matter to Plaintiff's satisfaction. The second amended complaint thus fails to state a claim against Warden Briscoe based on any alleged personal involvement in a constitutional violation.

Plaintiff also doesn't allege facts showing that Warden Briscoe implemented a deficient policy that was the moving force behind the alleged violations of his rights. He identifies no specific policy implemented by Warden Briscoe that caused the alleged violations. He includes no allegations of prior similar incidents that might show a custom or practice adopted or endorsed by Warden Briscoe. And he alleges no facts showing a pattern of similar incidents sufficient to establish that Warden Briscoe responded with deliberate indifference to the likelihood of further violations. *Reagan v Burns*, 2019 WL 6733023, *8 (ND Tex) (courts will impute to supervisory officials knowledge necessary to support finding of deliberate indifference only when "there is evidence of a history of

widespread abuse”). The second amended complaint thus also fails to state a claim against Warden Briscoe based on supervisory liability for an unconstitutional policy or practice.

The motion by Warden Rokeisha Briscoe to dismiss the claims against her is granted. Dkt 21. The claims by Plaintiff against Warden Briscoe will be dismissed with prejudice for failing to state a claim.

c. Retaliation claim against Fuller

Defendant Fuller moves to dismiss the claim against her for retaliation as failing to state a claim. Dkt 21 at 5– 8.

A *prima facie* case of retaliation in the prison context requires the plaintiff to show that (i) he exercised a specific constitutional right, (ii) the defendant intended to retaliate against him for the exercise of that right, (iii) the defendant took a retaliatory adverse action; and (iv) the plaintiff’s exercise of the constitutional right caused the retaliatory adverse action. *Johnson v Rodriguez*, 110 F3d 299, 310 (5th Cir 1997). To establish the *causation* element, the plaintiff must either “produce direct evidence of motivation or, the more probable scenario, ‘allege a chronology of events from which retaliation may plausibly be inferred.’” *Woods v Smith*, 60 F3d 1161, 1166 (5th Cir 1995), quoting *Cain v Lane*, 857 F2d 1139, 1143 n 6 (7th Cir 1988). “Mere conclusory allegations of retaliation” aren’t sufficient. Ibid. Neither is the plaintiff’s personal belief that he’s the victim of retaliation. *Johnson*, 110 F3d at 310.

The second amended complaint alleges no facts sufficient to meet this standard. Plaintiff’s personal belief that Fuller retaliated against him for some unspecified reason by tampering with his mail isn’t sufficient to state a claim upon which relief can be granted. The allegation in his response that Fuller was retaliating because he had previously filed grievances against her is unsupported by any facts. And beyond that, Plaintiff offers no chronology of events from which retaliation could plausibly be inferred.

The motion by Fuller to dismiss the retaliation claim against her is granted. Dkt 21. The claim by Plaintiff for retaliation against Fuller will be dismissed with prejudice for failing to state a claim.

d. Qualified immunity defense

Defendants move to dismiss the remaining claims against them under the affirmative defense of qualified immunity. Dkt 21 at 4–5.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v Callahan*, 555 US 223, 231 (2009), quoting *Harlow v Fitzgerald*, 457 US 800, 818 (1982). Its availability as a defense ultimately "turns only upon the *objective* reasonableness of the defendant's acts." *Thompson v Upshur County, Texas*, 245 F3d 447, 457 (5th Cir 2001) (emphasis in original).

Analysis of qualified immunity involves two inquiries. See *Aguirre v City of San Antonio*, 995 F3d 395, 406 (5th Cir 2021). First, inquiry considers "whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." Ibid, quoting *Tolan v Cotton*, 572 US 650, 655–56 (2014, *per curiam*) (cleaned up). Second, it determines whether the "right in question was 'clearly established' at the time of the violation." Id at 656, citing *Hope v Pelzer*, 536 US 730, 739 (2002). "'The salient question is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional." Ibid, quoting *Hope*, 536 US at 741 (cleaned up). If the complaint fails to show the violation of a federal right, addressing the second question is unnecessary.

i. Interference with grievance process

Plaintiff alleges that Fuller and Bell violated his rights by interfering with the grievance process. Dkt 18 at 4–5.

To the contrary, a prisoner "has no right to either the adequacy or the result of prison administrative grievance procedures." *Jones v Lumpkin*, 2024 WL 1994279, *2 (5th Cir, *per curiam*). Constitutionally protected rights aren't implicated by the alleged failure to investigate or resolve a grievance to an inmate's satisfaction. See *Schwarzer v Wainright*, 810 F Appx 358, 360 (5th Cir 2020, *per curiam*), citing *Sandin v Conner*, 515 US 472, 484 (1995); *Alexander v Texas Department of Criminal Justice*, 951 F3d 236, 240 (5th Cir 2020, *per curiam*) (affirming trial court's dismissal of inmate's claim that grievances were mishandled or improperly denied because prisoners have no due-process rights in inmate grievance process); *Mahogany v Miller*, 252 F Appx 593, 595 (5th Cir 2007, *per curiam*) (holding that plaintiff had no actionable §1983 claim based on prison officials' failure to process his grievances).

Further, the failure of prison officials to follow prison policies or rules doesn't rise to the level of a constitutional violation. See *McFaul v Valenzuela*, 684 F3d 564, 579 (5th Cir 2012), citing *Jackson v Cain*, 864 F2d 1235, 1251– 52 (5th Cir 1989); *Edwards v Johnson*, 209 F3d 772, 779 (5th Cir 2000) (holding that violation of prison regulations isn't in itself constitutional violation).

Plaintiff's allegation that Fuller and Bell interfered with the grievance process by "losing" or ignoring his grievances, presumably in violation of TDCJ policies, doesn't allege a violation of federal law. Absent such allegations, Defendants are protected from liability by qualified immunity.

ii. Access-to-courts claim

Plaintiff also alleges that Fuller tampered with his mail, resulting in a denial of his access to the courts. Dkt 18 at 4–5. The Fifth Circuit observes that denial-of-access claims can either be "forward-looking claims" alleging "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time," or "backward-looking claims" alleging that an official action has "caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the

loss of an opportunity to seek some particular order of relief." *Waller v. Hanlon*, 922 F3d 590, 601 (5th Cir 2019), quoting *Christopher v Harbury*, 536 US 403, 413–14 (2002).

The second amended complaint appears to attempt to allege a backward-looking claim. A *prima facie* case of a backward-looking access-to-courts claim requires the plaintiff to identify (i) a non-frivolous underlying claim, (ii) an official act that frustrated the litigation of that claim, and (iii) a remedy that is not otherwise currently available in another suit that could be brought. *Waller*, 922 F3d at 602, quoting *United States v McRae*, 702 F3d 806, 830–31 (5th Cir 2012).

Plaintiff's claim fails on the first element. He alleges that his direct appeal was pending before the Texas First Court of Appeals and was dismissed because his briefing wasn't received. But he doesn't allege any facts concerning what claims were raised in that briefing. He thus doesn't establish that he was unable to obtain redress for a nonfrivolous claim due to some action by Fuller. Without allegations relating to this element, Plaintiff's allegations are legally insufficient to state a backward-looking claim for a denial of access to courts.

The motion by Defendants to dismiss based on qualified immunity is granted. Dkt 21. The remaining claims by Plaintiff against Defendants are dismissed with prejudice as barred by qualified immunity.

e. Claim against Lane

Defendant Lane hasn't appeared in this action. Counsel for Defendants asserts that she is no longer employed by TDCJ, and counsel's efforts to locate her were unsuccessful. Dkt 21 at 2. Counsel provided the Court with her last known address under seal to permit further attempts at service of process. Dkts 22 & 23. But further efforts to serve process on Lane won't be authorized because Plaintiff fails to state an actionable claim against her.

Plaintiff proceeds *in forma pauperis* in this action and so is also subject to the strictures of 28 USC §1915.

Subsection (e)(2)(B)(i) requires the district court to "dismiss the case at any time" upon determination that it is "frivolous or malicious." A complaint is *frivolous* if it lacks an arguable basis in law or fact. See *Denton v Hernandez*, 504 US 25, 31 (1992), quoting *Neitzke v Williams*, 490 US 319, 325 (1989). A complaint lacks *an arguable basis in law* in this context "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v Hightower,* 112 F3d 191, 193 (5th Cir 1997). A complaint lacks *an arguable basis in fact* in this context "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v Boatright*, 709 F3d 403, 407 (5th Cir 2013), quoting *Berry v Brady*, 192 F3d 504, 507 (5th Cir 1999). An action is *malicious* in this context if it contains only allegations that the litigant knows are false. *Horsey v Asher*, 741 F2d 209, 212 (8th Cir 1984); see also *Sloan v Thaler*, 1994 WL 652618, *1–2 (5th Cir, *per curiam*) (affirming dismissal of claims as frivolous and malicious when claims were factually baseless).

A complaint must also be dismissed if it fails to state a claim upon which relief can be granted. 28 USC §1915(e)(2)(B)(ii). A claim *fails to state a claim upon which relief can be granted* if it doesn't contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers*, 709 F3d at 407, quoting *Iqbal*, 556 US at 678. In reviewing the complaint, all allegations are construed "liberally in favor of the plaintiff," all facts pleaded in the complaint are taken as true, and the court then considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v State Farm Fire and Casualty Co*, 563 F3d 141, 147 (5th Cir 2009), quoting *Gregson v Zurich American Insurance Co*, 322 F3d 883, 885 (5th Cir 2003) (cleaned up). If it doesn't, the complaint must be dismissed, even if the defendants

haven't yet been served. See *Green v McKaskle*, 788 F2d 1116, 1119 (5th Cir 1986).

The only allegations in the second amended complaint against Lane are that she interfered with the grievance process by intercepting or losing grievances that Plaintiff filed against Fuller. Dkt 18 at 4–5. But as explained above, such allegations fail to state a claim upon which relief can be granted.

The claim by Plaintiff against Defendant Lane will thus be dismissed with prejudice under 28 USC §1915(e)(2)(B)(ii) for failing to state a claim.

4. Conclusion

The motion to dismiss by Defendants is GRANTED. Dkt 21.

The action by Plaintiff Christopher M. Pelletier, Sr, is DISMISSED WITH PREJUDICE. Dkt 18.

Any other pending motions are DENIED AS MOOT.

Final judgment will enter separately.

SO ORDERED.

Signed on September 25, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge